IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03329-RPM-KLM

CHRISTIAN FARMS, LLC,

    Plaintiff

v.

MARK A. WEIAND, and
LORI R. WEIAND.

    Defendants.



## STIPULATED PROTECTIVE ORDER

    This matter comes before the Court for consideration pursuant to a stipulation between the parties herein, as evidenced by the signatures of their respective counsel below, for entry of a Stipulated Protective Order pursuant to the provisions of F.R.C.P. 26(c), to preserve the confidentiality of certain information, documents, and records of Plaintiff and Defendants to be produced to the opposing party or their respective legal counsel.

    Having found good cause for the entry of a protective order to protect the confidential information of the parties, the Court hereby enters this Stipulated Protective Order. The following procedure shall govern the production, use, and disposal of the parties' confidential documents and information:

    1.    <u>Designation of Confidential Documents and Information</u>. The parties shall mark any such documents as "CONFIDENTIAL" in accordance with the provisions of this Stipulated Protective Order. The documents and information contained therein shall only be used, shown,

and disclosed as provided in this Order. The phrase "confidential documents and information" as used in this Order shall be construed to include all of the information contained in each document so marked.

2. <u>Access to Confidential Documents and Information by Counsel and the Parties</u>. Confidential documents and information shall be made available only to "qualified persons." The phrase "qualified persons" means the Court and its officers, the parties, their counsel, and those paralegals, stenographic, and clerical employees assisting such counsel who have read the provisions of this order and have agreed to be bound by it. No other person shall have access to confidential documents or information without the advance written approval of the disclosing party or by future order of this Court. No person who gains access to confidential documents or information may disclose the information contained in them to any other person without the prior written approval of the disclosing party or the Court.

3. <u>Access to Confidential Documents and Information by Experts or Consultants</u>. Independent experts and/or consultants (i.e., non-testifying experts) retained by either party may be included as qualified persons if they have executed a certification that they have read this Stipulated Protective Order and agree to be bound by the terms and conditions thereof. An executed original of that certification shall be obtained by counsel of record for the party that retains such expert or consultant before such persons are given access to the confidential documents and information. Executed certifications shall be produced, on demand, to the disclosing party's counsel at the conclusion of the action. Moreover, all such certifications shall be maintained by counsel until such time as this action has been concluded and all confidential documents and information have been returned to the disclosing party.

309.001

4. <u>Challenges to Claims of Confidentiality.</u> If a party contends that any documents, information, or portions of them that another party has designated as confidential are not entitled to protection, the party may file a motion to change the designation. The moving party shall bear the burden of proving that the designation is improper and should be changed. The documents and information shall remain confidential until their status is changed by stipulation or order of this Court.

5. <u>Documents Produced Under Protective Order at Trial.</u> A party may seek to extend the protection for documents and information deemed confidential to the trial proceedings by stipulation with the opposing party or by appropriate motion to the Court.

6. <u>Use of Confidential Documents and Information Generally.</u> Confidential documents and information may only be used for the purpose of this lawsuit and for no other purpose.

7. <u>Use of Confidential Documents and Information In This Lawsuit.</u> Confidential documents or information may be used at depositions, in accordance with the following safeguards. If such confidential documents and information are used in depositions, all portions of the transcript of such depositions, and exhibits thereto which refer to or relate to such confidential documents or information, shall themselves be considered confidential. The deponent is deemed to be ordered that, pursuant to this Order, he or she may not divulge any such confidential documents or information except to qualified persons. The use or introduction of confidential documents or information as exhibits at deposition as outlined above shall not constitute a waiver of their confidential status, and such documents shall continue to be subject to the protections afforded by this Stipulated Protective Order. The parties contemplate certain documents and information marked as confidential may be used at trial. The party seeking to

309.001

maintain the confidentiality of any documents or information which may be used during the trial shall follow the procedures set forth in Paragraph 5, above.

8. <u>Inadvertent Disclosure</u>. If a party inadvertently produces or provides discovery of any confidential documents and information without labeling or otherwise designating it under the terms of this Stipulated Protective Order, within forty-five (45) days of such inadvertent disclosure, the disclosing party may give written notice to the receiving party that it should be treated in accordance with the provisions of this Stipulated Protective Order, provided that the party making the designation provides properly designated replacement copies. The receiving party must treat the documents and information as confidential from the date the notice is received. Disclosure to a non-authorized person of the confidential documents or information prior to receipt of the notice is not a violation of this Stipulated Protective Order; however, the receiving party must notify those persons to whom disclosure was made that the disclosed material must thereafter be treated in accordance with this Stipulated Protective Order.

9. <u>Filing and Sealing</u>. When a party files confidential documents, things and information, including confidential portions of any transcript, the party shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

**"Filed Under Seal Pursuant to the Stipulated Protective Order"**

The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court. The Clerk of the Court is hereby directed to maintain such confidential documents and information in a separate portion of the Court's files that not available to the public.

4

309.001

10. <u>Return at the Conclusion of this Action</u>. Within thirty (30) days after the conclusion of this action, counsel of record shall return all confidential documents and information, and all copies thereof, to the disclosing party's counsel. If any confidential documents are furnished to any expert or to any other qualified person, counsel shall ensure that all confidential documents in the possession of such persons, and all copies thereof, are returned to the disclosing party's counsel within thirty (30) days of the conclusion of this action.

11. <u>Amendments</u>. Nothing in this Stipulated Protective Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

SO ORDERED this 13th day of March, 2012.

BY THE COURT:

_____
Richard P. Matsch
United States District Court Judge

**Approved as to form:**

Brosseau Bartlett Seserman, LLC                    Law Offices of James C. Vaughters

s/ Dennis J. Bartlett                              s/ James C. Vaughters
Dennis J. Bartlett                                 James C. Vaughters

Attorney for Plaintiff                             Attorney for Defendants